UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINE W.,

     Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. C20-5583-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the Administrative Law Judge's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1958, graduated from high school and has one year of college education, and has worked as a medical technician and accounting clerk. AR 53, 184, 192. Plaintiff was last gainfully employed in February 2017. *Id.* at 18.

On March 9, 2017, Plaintiff applied for DIB, alleging disability as of February 1, 2017.[1] AR 169-70. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 102-05, 107-12. After the Administrative Law Judge (ALJ) conducted a hearing in June 2019 (*id.* at 37-67), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: spinal impairment(s), right hip impairment(s), and knee impairment(s).

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform light work with additional limitations: she cannot crawl or climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs. She should avoid concentrated exposure to hazards or extreme temperatures.

**Step four**: Plaintiff can perform her past relevant work and is therefore not disabled.

**Step five**: In the alternative, as there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 18-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

//

---

[1] Plaintiff amended her alleged onset date to February 21, 2017. AR 18.
[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred in (1) excluding depression and anxiety as severe impairments at step two, (2) assessing certain medical opinion evidence, and (3) discounting Plaintiff's subjective allegations. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

In this case, the ALJ found that Plaintiff's medically determinable mental impairments were not severe because they did not cause more than minimal limitation in her ability to perform basic mental work activities. AR 23-25. More specifically, the ALJ found that Plaintiff's record did not indicate any "positive findings of psychological impairment in treatment settings" after her alleged onset date. *Id*. at 24. Plaintiff disputes that finding, citing treatment notes referencing Plaintiff's use of medication for depression and anxiety symptoms. Dkt. 19 at 4 (citing AR 579, 690). Although the notes cited by Plaintiff indeed reference Plaintiff's use of psychiatric medication, they indicate that her symptoms were controlled by medication and did not identify any limitations, and are therefore consistent with the ALJ's

finding that Plaintiff did not have any significant psychological impairment during the adjudicated period.

Plaintiff goes on to challenge the ALJ's finding that her mental symptoms were well-controlled with less medication than she was prescribed. *See* AR 24 (citing *id*. at 579, 628, 691, 710). Plaintiff contends that the evidence shows that she had been taking her medication as intended, but it had been written incorrectly on the bottle. *See id*. at 710. The record corroborates Plaintiff's contention, despite the Commissioner's suggestion to the contrary. Dkt. 20 at 6. This error is harmless, however, because the ALJ did not solely rely on this line of reasoning to find Plaintiff's mental impairments to be not severe.

Next, Plaintiff argues that because certain medical opinions indicated that her mental impairments were severe, the ALJ should have also found her impairments to be severe. Dkt. 19 at 5-6. The ALJ acknowledged those opinions and explained why he discounted them, however. AR 23-24. Plaintiff has not shown that the ALJ erred in discounting them, for reasons explained *infra*.

For all of these reasons, Plaintiff has failed to meet her burden to show harmful error in the ALJ's step-two findings.

**B.     The ALJ Erred in Assessing Certain Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of certain medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining

doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[4] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

      2.      *Sushil Sethi, M.D.*

Dr. Sethi examined Plaintiff in August 2017 and wrote a narrative report describing her medical history, symptoms, and limitations. AR 374-78. Dr. Sethi concluded, *inter alia*, that Plaintiff could sit for eight hours, walk for two hours, and stand for two hours, in an eight-hour workday. *Id*. at 378. A State agency consultant reviewed Dr. Sethi's opinion and the remainder of Plaintiff's record in November 2017, and found that Dr. Sethi's opinion was supported by his findings, but that the record showed that additional limitations were also supported by the record. *Id*. at 91-94. The State agency consultant found that Plaintiff could perform light work (albeit limited to two hours of standing/walking), with additional postural and environmental limitations. *Id*.

The ALJ gave "some weight" to these opinions, indicating that he found Plaintiff's record "consistent with [Plaintiff's] continued ability to stand and/or walk six hours in an eight-hour workday." AR 29. The ALJ went on to cite evidence (normal objective findings, consistent subjective pain ratings, no changes to pain medication) that he interpreted to mean that Plaintiff's physical condition had not worsened since the time she was working (before the adjudicated

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

period). *Id*. The ALJ stated that he incorporated the opinions of Dr. Sethi and the State agency consultant "with [Plaintiff's] overall evidence by finding she can perform light work" with additional postural and environmental limitations. *Id*.

The ALJ failed to provide specific, legitimate reasons to discount the standing/walking limitations identified by Dr. Sethi and the State agency consultant. The ALJ focused on normal findings within examinations even though most of the examinations also referenced significant abnormal findings, such as antalgic gait and "give way" weakness, without explaining why the abnormal findings were irrelevant to Plaintiff's ability to stand and walk. *See* AR 29 (citing *id*. at 326-27, 330-32, 374-78, 382, 636, 733-36, 741-44, 748, 750-53). Notably, the ALJ even cited Dr. Sethi's own findings (*id*. at 374-78) as a basis for discounting Dr. Sethi's opinion, even though Dr. Sethi relied on those same findings to find Plaintiff to be more limited than the ALJ. The ALJ impermissibly cherry-picked evidence to support his conclusion without explaining why the contrary evidence was not reliable. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984).

The ALJ also cherry-picked evidence when finding that Plaintiff reported the same degree of pain during the adjudicated period as she had reported when she was working. *See* AR 29 (citing *id*. at 309, 382). The ALJ cited one pain rating to support this finding, even though there were many other treatment notes where Plaintiff claimed that her pain was increasing. *See, e.g.*, *id*. at 321, 325, 348, 692, 733-34. Furthermore, even if (as the ALJ found) Plaintiff's combination of opiate medication and marijuana had remained stable since the time she was working, her providers also prescribed other medications such as Horizant, Cymbalta, and Tizanidine to address her symptoms. *See, e.g.*, *id*. at 321, 327, 663. Thus, the ALJ's reasons to

find Plaintiff's condition unchanged since the time she was working are based on cherry-picked evidence and do not adequately address the entire record.

Because the ALJ failed to provide legally sufficient reasons to discount the opinions of Dr. Sethi and the State agency consultant regarding Plaintiff's ability to stand and walk, the ALJ erred in discounting those opinion and must reconsider them on remand.[5]

   3.  *William Weiss, Ph.D.*

Dr. Weiss performed a psychological evaluation of Plaintiff in October 2017 and wrote a narrative report describing Plaintiff's symptoms and limitations. AR 396-402. Dr. Weiss's medical source statement reads:

> [Plaintiff] is able to reason. She did well on the Proverb Interpretation segment of the cognitive portion of the Mental Status Examination. She is able to reason quite adequately. She needs further understanding of her problems with depression and anxiety. Psychotherapy could help her deal with these problems. Memory was intact. Sustained concentration and persistence showed impairment but are not markedly impaired by her problems with depression and anxiety. Social interaction is difficult for her, but, again if she could find a vocational niche that did not involve a great deal of interaction with other individuals she would be able to concentrate and persist in that kind of environment. Social interaction is a problem for her. Being with a group of people creates anxiety. Adaptation is impaired by her problems with depression and anxiety.
> At the present time, she would be able to maintain gainful employment, based upon her psychological problems. However, her medical issues will have to be considered in evaluating her capacity to return to gainful employment.

AR 401-02.

The ALJ gave minimal weight to Dr. Weiss's opinion, although he agreed that Plaintiff's psychological problems do not prevent gainful employment. AR 23-24. The ALJ discounted Dr. Weiss's opinion to the extent that he described any mental limitations because, first, the

---

[5] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 19 at 18), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings.

record showed that Plaintiff's psychological condition had not changed since the time she had been working, given that her record did not indicate any "positive findings of psychological impairment in treatment settings" after her alleged onset date. AR 24. As discussed *supra*, although the record does reference Plaintiff's use of medication to treat her depression and anxiety, the record also indicates that the medication was effective and does not identify any limitations that persisted. Plaintiff has not shown error in the ALJ's finding that Plaintiff's treatment record did not show any significant psychological impairment during the adjudicated period.

Plaintiff goes on to challenge the ALJ's second reason to discount Dr. Weiss's opinion: because her mental symptoms were well-controlled with less medication than she was prescribed. *See* AR 24 (citing *id*. at 579, 628, 691, 710). As discussed *supra*, this line of reasoning is erroneous, but it is again harmless because the ALJ did not solely rely on this line of reasoning to discount Dr. Weiss's opinion.

Lastly, the ALJ discounted Dr. Weiss's opinion because although he found that she had concentration, social, and adaptation deficits, Plaintiff herself did not report any such problems to her treatment providers. AR 24. Plaintiff disputes this finding, but does not point to any records where she reported these deficits to providers; she points only to her statements made in application paperwork, which do not constitute reports to providers and thus do not contradict the ALJ's decision. Dkt. 19 at 13 (citing AR 207, 215, 233). The inconsistencies between Dr. Weiss's opinion and Plaintiff's treatment record is a valid reason to discount Dr. Weiss's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Because the ALJ provided multiple legally sufficient reasons to discount Dr. Weiss's

opinion, the Court affirms the ALJ's assessment of this opinion.

4. *State Agency Psychological Opinions*

The ALJ gave significant weight to the opinion of the State agency psychological consultant who reviewed Plaintiff's initial application, and only "some weight" to the opinion of the State agency psychological consultant who reviewed the record on reconsideration and indicated that Plaintiff was more mentally limited. AR 24. The ALJ explained that he discounted the reconsideration opinion describing some moderate limitations because Plaintiff's psychological condition had not significantly declined since the time she had been working in a semi-skilled job. *Id*. Instead, the ALJ found that Plaintiff's mental limitations were mild and therefore not severe. *Id*.

As discussed *supra*, substantial evidence in the record supports the ALJ's finding that Plaintiff's psychological condition had not significantly declined since she had last worked. That evidence undermines the State agency opinion to the extent it describes mental limitations that would preclude Plaintiff's past work, and therefore the ALJ did not err in discounting the State agency opinion on that basis. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

**C. The ALJ Erred in Assessing Plaintiff's Subjective Allegations**

The ALJ discounted Plaintiff's subjective symptom testimony because (1) the objective medical evidence failed to corroborate the disabling limitations she described, and (2) the record contains many inconsistencies regarding Plaintiff's symptoms and treatment. AR 26-28. Plaintiff contends that the ALJ's reasons for discounting her testimony are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th

Cir. 2014).

The ALJ's first reason is not alone sufficient to support his assessment discounting Plaintiff's allegations because the ALJ pointed to evidence that fails to corroborate Plaintiff's allegations but does not amount to an inconsistency or contradiction in the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ cited treatment notes showing that Plaintiff's providers ruled out a variety of causes for Plaintiff's pain and dysfunction (*see, e.g.*, AR 736), but Plaintiff's providers did not discredit her complaints and instead continued to recommend further treatment and referrals to determine the source of her problems. *See, e.g.*, AR 315, 322, 341, 407. The ALJ's findings regarding the lack of objective support for Plaintiff's allegations are supported by substantial evidence, but they are legally insufficient to solely support his assessment of Plaintiff's testimony.

The ALJ's other line of reasoning is also problematic. Although the ALJ found that inconsistencies in the record "severely undermines [Plaintiff's] supposed need for ambulatory assistance" (AR 27), the ALJ does not explain how he reached that conclusion. The ALJ noted that Plaintiff did not use an assistive device during her August 2017 examination with Dr. Sethi, but fails to acknowledge that Plaintiff reported to Dr. Sethi that she uses a cane "as needed." *See id*. at 374. The ALJ also points to many normal findings in the record, some of which do not pertain to walking or standing ability, without also acknowledging that Plaintiff presented to some of those appointments and others using a cane and was found to have antalgic gait or a labored walk on multiple occasions. *See, e.g., id*. at 322, 331, 336-37, 398, 449, 453, 457, 461,

465, 469, 473, 477, 481, 485, 489, 734, 736, 744.  In these ways, the ALJ failed to identify "significant" inconsistencies that "severely undermine[]" Plaintiff's need for an assistive device: the ALJ erred in failing to mark a discernible path through the record to explain why he discounted Plaintiff's alleged need for an assistive device.  *See Molina*, 674 F.3d at 1121.

Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's allegations, the ALJ erred in assessing Plaintiff's allegations and her testimony must be reconsidered on remand.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reconsider the opinions of Dr. Sethi and the State agency medical consultant as to Plaintiff's physical functioning, and reevaluate Plaintiff's subjective allegations.  The ALJ may reconsider any other aspects of the decision as necessary.

Dated this <u>13th</u> day of May.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 12